IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRANDON EELLS                                                                                   PLAINTIFF

v.                                         CASE NO. 4:24-CV-00303 JM

STATE FARM FIRE AND CASUALTY
COMPANY                                                                                         DEFENDANT

ORDER

Plaintiff Brandon Eels brought this action seeking to recover under his homeowner's insurance policy issued by State Farm for water damage to his home. He brings claims for bad faith and breach of contract, in that order. State Farm has filed a motion to dismiss the claim for bad faith. (Doc. No. 5)

A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). The Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Bad faith is defined as "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Nationwide Mut. Ins. Co. v.*

*Ozark Mountain Poultry, Inc.*, No. 5:20-CV-5014, 2020 WL 5637662, at *2 (W.D. Ark. Sept. 21, 2020) (quoting *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005).

"Bad faith also requires a Plaintiff to show that the dishonest, malicious, or oppressive conduct was 'carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.'" *Walton v. Transamerica Life Ins. Co.*, No. 1:20-CV-1049, 2022 WL 1785633, at *5 (W.D. Ark. Jan. 10, 2022) (quoting *Unum* at 87). The law is clear that a plaintiff alleging any of the three classifications of affirmative conduct—whether it be "dishonest, malicious, or oppressive"—was carried out with "hatred, ill will, or a spirit of revenge."

In his complaint,[1] Plaintiff alleges that he noticed damage in his kitchen around his sink and counter on July 31, 2023. He called and filed a claim with a State Farm representative who also advised him to contact ServPro to come look at the damage. Serve Pro came out and noted moisture in the floor, the cabinets under the sink, and the drywall behind the cabinets. Plaintiff alleges "the damage was caused by a dishwasher leak that happened earlier in 2023."[2] On August 14, 2023, Defendant's field adjuster requested that Plaintiff have a company come out to verify that there was no active leak. Plaintiff hired American Leak Detection the next day who reported that there was no active leak. Plaintiff's claim was denied on August 18, 2023 on the grounds that the damage occurred over a period of time which was not covered by the policy.[3] Plaintiff alleges that there is "no evidence that the water damage was anything other than the leak from the dishwasher earlier in 2023."[4]

Plaintiff alleges the following as specific examples of State Farm's bad faith: it denied the claim without sending an adjustor to first view the damage and it denied the claim without

---

[1] Doc. No. 2.
[2] *Id.* at ¶ 13. It is not clear to the Court if this conclusion came from ServPro or Plaintiff.
[3] *Id.* at p. 11.
[4] *Id.* at ¶ 24.

2

evidence that the damage occurred over a period of time. These allegations, however, do not approach the level of conduct required to state a claim for bad faith. "Bad faith claims are permitted when insurance companies engage in truly egregious misconduct such as lying about coverage, converting the insured's property, or intentionally altering records." *Brooks v. S. Farm Bureau Cas. Ins. Co.*, No. 2:20-CV-00144-BSM, 2021 WL 8015818, at *2 (E.D. Ark. Nov. 9, 2021) (referencing cases collected in *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555, 560-61 (1999)).

For these reasons, State Farm's motion to dismiss the bad faith claim (Doc. No. 5) is GRANTED.

IT IS SO ORDERED this 9th day of September, 2024.

_____
United States District Court Judge